FILED
United States Court of Appeals
Tenth Circuit

November 29, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE LUIS GARCIA-ARAMBULO,

Defendant - Appellant.

No. 16-1389
(D.C. No. 1:16-CR-00062-PAB-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **BACHARACH**, Circuit Judges.

Jose Luis Garcia-Arambulo pled guilty to violating 8 U.S.C. § 1326(a) and (b)(1), illegal reentry of a previously deported alien following a felony conviction, and was sentenced to 18 months in prison. As part of his plea agreement, Garcia-Arambulo waived his right to appeal his sentence unless it exceeded the maximum penalty provided by statute or the guideline range for an offense level of 9, or unless the government

---

[*] This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appealed the sentence. None of these happened, but Garcia-Arambulo appealed his sentence anyway.

The government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). This requires us to determine "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. In response to the government's motion, Garcia-Arambulo, through counsel, "concedes that, under the standard announced in [*Hahn*], the plea agreement's appeal waiver is enforceable with respect to this direct appeal." Resp. to Mot. to Enforce Appeal Waiver at 1 (Nov. 17, 2016).

Based on this concession and our independent review of the record, we conclude Garcia-Arambulo's appeal waiver is enforceable. We therefore grant the government's motion and dismiss this appeal.

Entered for the Court
Per Curiam